UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61033-CIV-DAMIAN

**A&A WEALTH MANAGEMENT, LLC**,

    Plaintiff,

vs.

**THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT (HUD)**,

    Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS
COMPLAINT FOR QUIET TITLE [ECF NO. 20]**

**THIS CAUSE** is before the Court upon Defendant, The Secretary of Housing and Urban Development's ("HUD" or "Defendant"), Motion to Dismiss Amended Complaint for Quiet Title [ECF No. 20] ("Motion to Dismiss"), filed November 4, 2024.

THE COURT has considered the Motion to Dismiss, the Response [ECF No. 21] and Reply [ECF No. 22], the pertinent portions of the record, and the relevant authorities and is otherwise fully advised. For the reasons discussed below, the Motion to Dismiss is granted.

**I.    BACKGROUND**

Plaintiff, A&A Wealth Management LLC ("Plaintiff"), originally filed a Complaint on April 17, 2024, in the 17th Judicial Circuit Court in Broward County, Florida, alleging a single claim to quiet title. *See generally* [ECF No. 1-3 ("Complaint")]. On June 14, 2024, HUD removed the state court action to this Court pursuant to 28 U.S.C. § 1442(a)(1).[1] [ECF No. 1].

---

[1] "A civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof or any officer of the United States or of any agency thereof] may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending . . . ." 28 U.S.C. § 1442(a)(1).

HUD filed a motion to dismiss the original Complaint on grounds the Court lacks jurisdiction over HUD and the Complaint fails to state a claim to quiet title. [ECF No. 6]. In an Order issued on October 7, 2024, this Court granted HUD's motion to dismiss because the Complaint failed to identify the specific statute waiving the government's sovereign immunity. *See* ECF No. 16. The Court directed Plaintiff to file an amended complaint demonstrating that HUD waived its sovereign immunity. *Id.* at 6.

### A. *Plaintiff's Amended Complaint.*

Plaintiff filed an Amended Complaint for Quiet Title, the operative pleading, on October 21, 2024. [ECF No. 17 ("Am. Compl.")]. In the Amended Complaint, Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 2410 because HUD "has a lien interest in the property at issue through a Reverse Mortgage (debt) and a Mortgage (lien) for which, under said statute, sovereign immunity is waived." Am. Compl. at ¶ 2. Plaintiff did not attach copies of the mortgages referred to in the Amended Complaint. Instead, Plaintiff filed a copy of a recorded Assignment of Mortgage for real property identified in a different lawsuit filed by Plaintiff "to show HUD has a claim of lien on the property at issue." [ECF No. 18].

Plaintiff's assertions in the Amended Complaint are, generally, that Plaintiff, a limited liability company, owns real property that it "purchased at a public auction in Broward County, Florida pursuant to a foreclosure on the property brought by the Condominium Association." Am. Compl. ¶ 3. The property is described as follows:

> Address: 3410 Galt Ocean Dr., Unit 1201N, Ft. Laud., FL, 33308.
> Legal Description: Condominium Parcel No. 1201-N, in SOUTHPOINT, a Condominium, according to the Declaration of condominium thereof, as recorded in Official Records Book 5922, Page

> 587, of the Public Records of Broward County, Florida, and all amendments thereto.

*Id.* (the "Property"). Plaintiff alleges that title on the Property is deraigned as follows:

> October 19, 2021: Certificate of Title issued to [Plaintiff].
> August 24, 2009: Assignment of Mortgage from Bermans to HUD recorded.
> August 14, 2009: Sandra Berman & Howard L. Berman Mortgage, as husband and wife, recorded lender MetLife Home Loans as their Mortgagee.
> Howard Berman passed away on April 24, 2018.
> Sandra Berman passed away on August 23, 2019.

*Id.* ¶ 5.

According to the allegations in the Amended Complaint, upon delivery of the deed, Plaintiff "immediately went into possession of the Property and continuously maintained possession of the Property adverse to Defendant." *Id.* ¶ 6. Plaintiff alleges that NOVAD Management Consulting, a debt collector/servicer for HUD, advised the Property's former owners (the Bermans), prior to their demise, regarding "the amount of money HUD claimed on December 31, 2021 to payoff HUD's claims." This allegation is problematic to say the least because Plaintiff alleges the Bermans passed away in 2018 and 2019, well before December 2021. *See id.* ¶ 5.

Plaintiff indicates the "Fixed Rate Mortgage, Home Equity Conversion Mortgage securing a Reverse Mortgage was attached to Defendant HUD's Motion to Dismiss, though it omitted the debt instrument and documents of transfer." *Id.* ¶ 9. According to Plaintiff, "[i]t remains unknown whether HUD claims to be a Mortgagee and debt holder or has a subrogated interest in the property" but that HUD clearly has a "lien interest in the property." *Id.* ¶ 10.

Plaintiff further alleges "the deed described in Paragraph 2 did not convey title to Defendant." *Id.* ¶ 12. The Amended Complaint does not identify what "deed" Plaintiff is

referring to here, and Paragraph 2 of the Amended Complaint provides no clarity. As noted above, Paragraph 2 of the Amended Complaint alleges that HUD has a lien interest in the Property through a Reverse Mortgage and a Mortgage, but it makes no mention of any deed. Plaintiff alleges that "HUD's claim is an interest in the Property adverse to Plaintiff" (*id.* ¶ 13), but the Amended Complaint does not indicate what that adverse interest is. Plaintiff further alleges that "Defendant's claim of interest in the Property is invalid and unenforceable as there is no acceptance of the Assignment of Mortgage, no evidence of any transfer of the debt, no evidence of negotiation for fair value, or other indicia of ownership of debt." *Id.* ¶ 14.

Plaintiff requests that HUD "be required to assert the validity of its claim of interest in the Property" and asks the Court to quiet title to the Property "by removing the cloud from the title to the Property" and awarding Plaintiff fee simple title to the Property. *Id.* at 3.

### B. Defendant's Second Motion to Dismiss.

In the Motion to Dismiss now before the Court, HUD argues the Amended Complaint should be dismissed because it fails to state a claim to quiet title under Florida law. Specifically, HUD argues that Plaintiff fails to provide any plausible facts in support of its allegation that title on the Property is clouded as required to maintain a quiet title action under Florida law.

HUD points out that Plaintiff's Amended Complaint, yet again, fails to identify or provide a copy of the mortgage purportedly assigned by the Property's former owners to HUD. According to HUD, the Reverse Mortgage referred to in the Amended Complaint is a Fixed Rate Home Equity Conversion Mortgage controlled by the National Housing Act.

HUD attaches a copy of the Reverse Mortgage as an exhibit to its Motion to Dismiss.[2] HUD claims that the loan is secured by a simultaneously executed and recorded second mortgage and second note in favor of HUD.

HUD argues that although Plaintiff alleges in the Amended Complaint that HUD holds, or may hold, a recorded mortgage encumbering the Property, Plaintiff fails to allege that either mortgage has been satisfied. Therefore, HUD contends that Plaintiff's Amended Complaint should be dismissed because it does not state a plausible claim that title is clouded by HUD's valid, unsatisfied, recorded mortgages.

In its two-page Response, Plaintiff disputes HUD's assertion that Plaintiff must prove the validity of its own title and the invalidity of HUD's claims. Plaintiff argues that "HUD is the holder of all of the real estate records," and, therefore, "Plaintiff must rely on HUD to provide the prior records." Resp. at 1. Plaintiff also claims that all records available to Plaintiff at this time indicate that there is no legitimate claim that should appear on the Property. *Id.* at 2.

HUD replies that any mortgages or assignments are recorded in the public records and that the burden is on Plaintiff to identify the specific interest that it would like the Court to extinguish from the Property and to show how these mortgages are invalid. HUD also attaches a copy of the recorded Home Equity Conversion Second Mortgage to its Reply in support of the Motion. According to HUD, Plaintiff purchased the Property subject to HUD's

---

[2] *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (district court may consider a document attached to a motion to dismiss if the attached document is (1) central to the complaint and (2) no party questions its authenticity).

superior interest and the liens imposed by the recorded mortgages, and Plaintiff fails to allege that either mortgage is invalid on its face.

## II. LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts "ordinarily examine . . . documents incorporated into the complaint by reference" in ruling on motions to dismiss).

### III.   ANALYSIS

As noted above, HUD argues that Plaintiff has failed to allege a valid quiet title claim. A quiet title action is a lawsuit brought to clear a party's title to real property. The purpose of a quiet title action is to eliminate all claims to title. Liens, claims by prior owners, and other matters affecting title that are invalid or inoperative are called "clouds" on title. *See Lane v. Guar. Bank*, No. 6:13–cv–85–Orl–18DAB, 2013 WL 1296751, at *2 (M.D. Fla. Apr. 1, 2013), *motion for relief from judgment denied*, 6:13–CV–85–ORL–18DAB, 2013 WL 2350481 (M.D. Fla. May 28, 2013) *aff'd*, 552 F. App'x 934 (11th Cir. 2014) (internal quotations and citations omitted) ("A cloud on title may be broadly described as an outstanding instrument, record, claim, or encumbrance that is invalid or inoperative but which may nevertheless impair the title to property."). A quiet title action is brought to eliminate any of these "clouds" on a party's title to property.

The Florida Supreme Court has explained the allegations necessary to support a quiet title claim:

> It is elementary that in a suit to quiet title against an alleged cloud the complaint must contain sufficient allegations to show a cause of action. Such a complaint must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it. Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity.

*Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953); *see also Trs. of Internal Improvement Fund of Fla. v. Sutton*, 206 So. 2d 272, 274 (Fla. 3d DCA 1968) ("It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his opponents."). "It has been repeatedly held that a cloud is not created by a mere assertion, whether oral or in writing." *Lane*, 2013 WL 1296751, at *2 (citation

omitted). Thus, to adequately allege that there is a cloud on its title, Plaintiff must plead: (1) the matter which constitutes the alleged cloud; and (2) facts which give the claim apparent validity as well as those which show its invalidity. *See Morro v. Federal Nat'l Mortg. Ass'n*, No. 6:13-cv-1309, 2014 WL 12625455, at *3 (M.D. Fla. May 12, 2014) (citing *Stark*, 67 So. 2d at 239).

Here, although Plaintiff alleges that it obtained title to the Property at a public auction, the Complaint fails to allege facts that plausibly demonstrate a cloud on the title. More to the point, Plaintiff does not allege any facts which plausibly demonstrate that the alleged reverse mortgage or any interest HUD has on the Property, if any, is invalid or inoperative.[3] Instead, Plaintiff alleges that HUD's interest is invalid based upon Plaintiff's own subjective belief that HUD abandoned or waived any interest in the Property due to its alleged inaction, its alleged failure to respond to the HOA litigation, and its alleged failure to provide any debt instruments proving an interest in the Property. These allegations are insufficient to allege a cloud on title. *See Lane*, 552 F. App'x at 937 ("This subjective belief, however, does not rise to the level of stating a claim that is 'plausible on its face.'"). And, to the extent Plaintiff is claiming that HUD's interest in the Property is invalid because HUD failed to provide the relevant debt instruments, Plaintiff's argument is unavailing. *See Byrd v. Bank Mortg. Sols., LLC*, No. 14-

---

[3] The Court also notes the allegations in Plaintiff's Amended Complaint are contradictory. Plaintiff alleges that HUD's claim of interest in the Property is invalid and unenforceable "as there is no acceptance of the Assignment of Mortgage, no evidence of any transfer of the debt, no evidence of negotiation for fair value, or other indicia of ownership of debt." Am. Compl. at ¶ 14. On the other hand, Plaintiff alleges that HUD "has a lien interest in the [Property] through a Reverse Mortgage (debt) and a Mortgage (lien)" (*id.* ¶ 2) and that HUD "would not have a copy of the Mortgage if it had no interest in the property." *Id.* ¶ 10. These allegations are contradictory and make it difficult to discern what interest HUD has on the Property that Plaintiff is complaining about or why such interest is invalid or inoperative.

14069-CIV, 2014 WL 12861313, at *3 (S.D. Fla. Apr. 17, 2014) ("[A] borrower's demand for the creditor to validate the debt obligation and the creditor's perceived failure to produce such validating documentation does not by itself invalidate the debt." (citing *Lane*, 2013 WL 1296751, at *2)).

In sum, upon careful review of the allegations in Plaintiff's Amended Complaint, considered in the light most favorable to Plaintiff and drawing all plausible inferences in Plaintiff's favor, the undersigned finds Plaintiff has not plausibly alleged facts showing that a cloud exists on its title to the Property. Therefore, this Court finds that Plaintiff has failed to state a cause of action for quiet title. *See Mattison v. Homecoming Fin., LLC,* No. 8:11–cv–1336–T–EAK–TBM, 2012 WL 279447, *2–3 (M.D. Fla. Jan.31, 2012) (quiet title claim dismissed for failure to allege facts sufficient to demonstrate a cloud of title); *Morro*, 2014 WL 12625455, at *3 (same).

### B. *Effect Of Dismissal Under Rule 12(b)(6).*

A dismissal under Federal Rule of Civil Procedure 12(b)(6) is typically "on the merits and with prejudice." *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020). "A district court is not required to grant a plaintiff leave to amend [its] complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). This rule "satisfies the apparent purpose of the Federal Rules of Civil Procedure" and "is in line with the general rule . . . that issues not raised before the district court will not be considered on appeal." *Id.* at 542–43. Although not required to grant leave to amend, district courts have "broad discretion to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp.,*

*LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). "The key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (discussing a district court's dismissal of an amended complaint without leave to amend in the context of a shotgun pleading).

Here, Plaintiff did not seek leave to amend its operative pleading, nor did Plaintiff try to amend its operative pleading in response to HUD's Motion to Dismiss. *See generally* Docket; Response. Plaintiff was on notice of the deficiencies in its pleading since the filing of HUD's first motion to dismiss on June 18, 2024, and then again, on November 4, 2024, when HUD filed the second motion to dismiss.[4] Nevertheless, Plaintiff did not seek leave to amend its operative pleading by the November 15, 2024, deadline set forth in the Scheduling Order, entered on October 24, 2024. [ECF No. 19]. Thus, it is not clear that Plaintiff wants to try to further amend the operative pleading or believes that amendment would be anything other than futile.[5] Absent any indication that Plaintiff seeks leave to amend, the Amended Complaint is due to be dismissed *with prejudice*.

---

[4] *Cf. Pitts v. Grant*, 2022 WL 1117454, at *2 (11th Cir. Apr. 14, 2022) ("Under Federal Rule of Civil Procedure 15(a)(1)(B), [the plaintiff] had an unchecked opportunity to amend his complaint in response to the officials' motions. But he didn't take it . . . . [T]he district court [was not] required to propose the idea itself.").

[5] And, based on the record before this Court, it does not appear that the deficiencies in the Amended Complaint are curable given HUD's submissions.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint for Quiet Title [**ECF No. 20**] is **GRANTED**. Plaintiff's Amended Complaint for Quiet Title [ECF No. 17] is **DISMISSED WITH PREJUDICE**.

All pending deadlines and hearings are **TERMINATED**, and any other pending motions, including the Joint Motion to Modify Scheduling Order [ECF No. 23] and Defendant's Motion for Summary Judgment [ECF No. 24], are **DENIED AS MOOT**.

The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of March, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record